SM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-73-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INFORMATION |
| ) | |
| TONY MCELVEEN, SR. ) | |
| ) | |

At all times relevant, the United States Attorney charges that:

## PRELIMINARY ALLEGATIONS

1. The Defendant, TONY MCELVEEN, SR. (hereinafter referred to as "the Defendant"), resided in Florence, South Carolina.

2. The Defendant served as pastor of the Greater Faith World Outreach Church (hereinafter referred to as "Greater Faith"), also known as the Full Gospel World Outreach Church (hereinafter referred to as "Full Gospel"), in Florence, South Carolina.

3. In or about February 2017, the Defendant was hired by Branch Banking and Trust Company (hereinafter referred to as "BB&T"), a financial institution whose deposits were then insured by the Federal Deposit Insurance Company, to serve as the supervisor, in its 201 E. Main Street, Rowland, North Carolina branch.

4. B.M. and J.S. were BB&T customers, who conducted their banking activities at the Rowland, North Carolina branch. Both B.M. and J.S. were over sixty-five years old. Neither were affiliated in any manner with Greater Faith or Full

1

Gospel.

5. On or about July 24, 2017, the Defendant obtained a BB&T $50,000 Preferred Credit Line, in B.M.'s name (hereinafter referred to as "B.M. Credit Line").

6. On or about July 27, 2017, the Defendant submitted an on-line American Express credit card application, in the joint name of Full Gospel and B.M., using B.M.'s name, date of birth and social security number.

7. On or about August 1, 2017, the Defendant withdrew $7,500 from the B.M. Credit Line, which he used to obtain an official BB&T check payable to Full Gospel.

8. On or about August 3, 2017, the Defendant submitted an on-line BB&T Visa credit card application, in B.M.'s name, listing her date of birth and social security number. The Defendant, via electronic email, instructed BB&T card services to mail the credit card to the Rowland branch to his attention.

9. On or about August 10, 2017, the Defendant withdrew $28,500 from the B.M. Credit Line, which he used to obtain an official BB&T check payable to Full Gospel. The Defendant deposited this check into BB&T account ending 4901 that he opened in the name Full Gospel, listing L.B. as Full Gospel Treasurer and sole signatory.

10. On or about August 22, 2017, the Defendant submitted another on-line American Express credit card application, in B.M.'s name, using her date of birth and social security number. He requested an additional card member named "Tony Tony." The Defendant, via electronic email, instructed American Express to mail

both credit cards to the Rowland branch to his attention.

11. On or about September 8, 2017, the Defendant closed B.M.'s BB&T certificate of deposit ending 0175 and deposited the $50,067.29 proceeds into B.M.'s BB&T savings account ending 6193. On the same day, the Defendant transferred $35,600 from B.M.'s BB&T savings account ending 6193 into B.M.'s BB&T checking account ending 6459 from which the Defendant withdrew $39,000 to purchase an official BB&T check payable to "World Outreach Min."

12. On or about September 12, 2017, the Defendant deposited the official BB&T check payable to "World Outreach Min," in the amount of $39,000, into Full Gospel First Reliance Bank account ending 0493.

13. On or about September 23, 2017, the Defendant withdrew $12,800 from B.M. Credit Line to obtain an official BB&T check payable to Full Gospel.

14. On or about September 29, 2017, the Defendant deposited the official BB&T check payable to Full Gospel, in the amount of $12,800, into the Full Gospel First Reliance Bank account ending 0493.

15. Between on or about September 9, 2017 and on or about October 17, 2017, the Defendant made electronic payments out of B.M.'s checking account ending 6459 and savings account ending 6193 to BB&T and American Express for the credit cards he had fraudulently obtained in B.M.'s name.

16. On or about October 30, 2017, the Defendant withdrew $39,980.62 from Full Gospel First Reliance Bank account ending 0493 to obtain an official check payable to OCWEN Loan Servicing, which the Defendant tendered as payment

3

toward his outstanding mortgage debt.

## COUNT ONE

17. Between on or about July 24, 2017, and on or about September 18, 2017, within the Eastern District of North Carolina and elsewhere, the Defendant, TONY MCELVEEN, SR., executed and attempted to execute a scheme and artifice to defraud and to obtain money and funds under the custody and control of BB&T, a financial institution as defined under Title 18, United States Code, Section 20(1), whose deposits were then insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations and promises, which included opening two $50,000 Preferred Lines of Credit, in the names of B.M. and J.S.

All in violation of Title 18, United States Code, Section 1344.

## COUNT TWO

18. From on or about August 3, 2017, to on or about November 12, 2017, within the Eastern District of North Carolina and elsewhere, the Defendant, TONY MCELVEEN, SR., did knowingly with intent to defraud, transfer, possess, and use, without authority, a means of identification of another person, specifically, the name, date of birth and social security number of B.M., during and relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), that is, use and trafficking in one or more unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(2).

All in violation of Title 18, United States Code, Section 1028A.

## FORFEITURE NOTICE

Upon conviction of Counts One and Two of this Criminal Information, the Defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, gross proceeds obtained directly or indirectly as a result of said offense, or any property traceable to such property. In addition, upon conviction of Count Two of this Criminal Information, the Defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offense. The forfeitable property includes, but is not limited to the gross proceeds of the offense(s) personally obtained by the Defendant in the amount of at least $107,390.37.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant,

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third party;

    (3)    has been placed beyond the jurisdiction of the Court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable

5

Case 7:19-cr-00073-BO   Document 1   Filed 05/06/19   Page 5 of 6

property.

ROBERT J. HIGDON, JR.  
United States Attorney

BY: /s/ Susan B. Menzer  
SUSAN B. MENZER  
Assistant United States Attorney  
Criminal Division